## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

MEDIEVAL TIMES U.S.A., INC.,
5020 Riverside Drive, Ste 400
Irving, TX 75039,

               Plaintiff,

    v.

SMALL BUSINESS ADMINISTRATION,
409 3rd Street, SW
Washington, DC 20416,

ISABELLA CASILLAS GUZMAN,
Administrator, Small Business Administration,
409 3rd Street, SW
Washington, DC 20416,

               Defendants.

Civil Action No.

**COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF**

Plaintiff Medieval Times U.S.A., Inc. ("MTUSA" or the "Company"), by and through its attorneys, alleges and states as follows:

### INTRODUCTION

1.    This is an action under the Administrative Procedure Act ("APA"), 5 U.S.C. § 706, and the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202, seeking emergency federal financial assistance unlawfully withheld by Defendants Small Business Administration ("SBA") and its Administrator, Isabella Casillas Guzman.

2.    The Economic Aid to Hard-Hit Small Businesses, Nonprofits, and Venues Act, as amended, 15 U.S.C. § 9009a, established the Shuttered Venue Operators Grant ("SVOG") Program

to provide emergency financial assistance to eligible live entertainment businesses impacted by the global COVID-19 pandemic. The SVOG Program is administered by the SBA and Administrator Casillas Guzman.

3. MTUSA operates live venues in seven states: Florida, California, New Jersey, Illinois, Texas, South Carolina, and Arizona. MTUSA demonstrated eligibility for a SVOG award in its application to the SBA and, following an initial denial, an appeal to the SBA. The SBA denied MTUSA's appeal.

4. Compounding the injury, the SBA granted the SVOG applications of direct competitors to MTUSA and awarded those businesses SVOG funds that they can use to compete with MTUSA.

5. The COVID-19 pandemic has had a devastating impact on MTUSA, forcing the Company to shutter all seven venues in March 2020, losing 100% of its revenue in the second quarter of 2020. MTUSA needs a SVOG award for precisely the reason Congress created the SVOG Program: to help eligible live entertainment businesses like MTUSA recover from the major setbacks they have experienced as a result of the pandemic.

6. Further, SVOG funds are limited, and once the SBA has depleted the appropriated amount through awards, eligible businesses may not be able to receive the emergency assistance. Thus, even though MTUSA demonstrated that it is an eligible live venue operator, it may receive no assistance if SVOG funds are depleted before the SBA corrects the erroneous denial of MTUSA's application.

## JURISDICTION AND VENUE

7.     This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331 because it presents federal questions under the APA.

8.     Venue lies in this district under 28 U.S.C. § 1391(e)(1).

9.     This Court has authority to issue declaratory and injunctive relief under 5 U.S.C. § 706 and 28 U.S.C. §§ 2201 and 2202.

## PARTIES

10.     Plaintiff MTUSA operates live venues in seven states.  In existence since 2002, MTUSA's performances are set inside 70,000 square foot European-styled venues.   The two-hour live action shows feature knights on horseback competing in jousting, sword fighting, and other live performances.   Costumed actors entertain an audience with a scripted, choreographed performance, including sound and lighting.

11.     Defendant Small Business Administration is an independent agency of the federal government.  The SBA's mission is to help Americans start, build, and grow businesses.

12.     Defendant Isabella Casillas Guzman is the Administrator of the SBA and oversees its operations.  Administrator Casillas Guzman is sued in her official capacity.

# BACKGROUND

**A.     Shuttered Venue Operators Grant Program**

13.     The Economic Aid to Hard-Hit Small Businesses, Nonprofits, and Venues Act (the "Act"), signed into law December 27, 2020, included $15 billion for grants to operators of shuttered venues and entities impacted by shuttered venues.  Pub. L. No. 116-260 § 324.  The American Rescue Plan, enacted March 11, 2021, amended the Act by providing an additional $1,249,500,000 for SVOG awards.  Pub. L. No. 117-2 § 5005(a).

14.     SVOG awards may be used for specified business expenses, including payroll, rent and utility payments incurred between March 1, 2020, and December 31, 2021.  15 U.S.C. § 9009a(d)(1)(A)(i).

15.     An eligible entity may receive a SVOG award in an amount equal to 45 percent of its gross earned revenue in 2019.  15 U.S.C. § 9009a(c).

16.     Eligible entities under the Act include live venue operators.   15 U.S.C. § 9009a(a)(1)(A).

17.     In addition to falling within an eligible business category, to qualify for a SVOG award a business must meet general eligibility criteria including, *inter alia*, that the business was fully operational on February 29, 2020, suffered at least a 25% reduction of gross earned revenue during at least one quarter of 2020 as compared to 2019, and has reopened or intends to reopen. 15 U.S.C. § 9009a(a)(1)(A).

18.     The Act defines live venue operators to include an entity that as a principal business activity organizes, promotes, produces or hosts "events by performing artists" for which there is a ticketed cover charge, performers are paid a guaranteed amount, and not less than 70 percent of

revenue is generated through ticket sales or event beverages, food or merchandise.  15 U.S.C. § 9009a(a)(3)(A)(i).

19.     The Act specifies that for a live venue operator, the entity must have additional characteristics.  It must operate events with defined performance and audience spaces; use mixing equipment, a public address system and a lighting rig; engage one or more individuals to carry out at least two of the following roles—sound engineer, booker, promoter, stage manager, security personnel, or box office manager; sell tickets or impose a cover charge for most performances; fairly pay artists; and market its events including through print or electronic publications, websites, mass email, or social media.  15 U.S.C. § 9009a(a)(1)(A)(iii).

**B.     The MTUSA's SVOG Application and the SBA's Denial**

20.     On April 26, 2021, MTUSA applied for a SVOG award of $10,000,000.

21.     In its application, MTUSA demonstrated that it satisfied the criteria for eligibility as a live venue operator.  It also submitted certifications of eligibility required by the SBA's guidance on SVOG applications.

22.     On August 2, 2021, MTUSA learned from the SBA's portal that its application was denied.  The portal's denial notice gave no explanation of the reason the SBA found MTUSA ineligible.

23.     On August 17, 2021, MTUSA submitted an administrative appeal of the denial to the SBA.  Because the SBA's denial included no explanation, MTUSA's appeal elaborated on why the Company satisfies all of the criteria for eligibility as a live venue operator.  MTUSA explained in detail and with supporting documentation how it meets each of the general eligibility requirements for a SVOG award and each of the specific eligibility requirements for live venue operators.

24.     The documents MTUSA submitted to the SBA included:  federal tax returns; quarterly profit and loss summaries; audited financial statements, box office reports, marketing materials; photographs of the venue; the venue floor plans; photographs of its audio mixing equipment, public address system and lighting rig; employee list with payroll including performing artists, sound engineers, security, and box office managers; and a service contract with another entity that compensates performing artists.

25.     On November 12, 2021, the SBA notified MTUSA by email that its appeal was denied.  The email listed a standard set of the reasons an appeal could be denied based on the SVOG Eligibility Matrix, and stated that MTUSA's appeal was declined "at least in part" based on reasons 10 and 11.  Reason 10 states: "Did not meet the principal business activity standard for the entity type under which applied." Reason 11 states: "Did not meet one or more of the eligibility criteria specific to the entity type under which applied."  The email then provided a boilerplate statement:

> Please note the list provided in this email may not be a comprehensive list of reasons for your decline.  To receive additional information as to why your SVOG application was declined, please complete this form (direct link: https://forms.office.com/g/B7DeKGgF1z). The SBA will aim to provide this more specific detail on appeal declines once the SVOG initial application reviews are complete.

26.     The SBA's November 12, 2021 denial of MTUSA's appeal is the agency's final decision.

27.     The SBA approved the SVOG applications of at least five other direct competitors in cities near MTUSA venues: (1) California Dinner Entertainment, https://piratesdinneradventureca.com/ (operating Pirates Dinner Adventure in Buena Park, California); (2) Orlando Dinner Entertainment, Inc.,  https://piratesdinneradventure.com/orlando/ (operating Pirates Dinner Adventure in Orlando, Florida); (3) Great Choice Investments, LLC,

https://piratesvoyage.com (operating Pirates Voyage Dinner and Show in Myrtle Beach, South Carolina); (4) Sleuths Mystery Dinner Theatre, Inc., www.sleuths.com (operating mystery dinner shows in Orlando, FL), and (5) The Mystery Mansion Dinner Theater LLC, www.mysterymansion.com (operating a mystery dinner theater in Scottsdale, Arizona).

### CLAIMS FOR RELIEF

28.     The courts recognize a strong presumption favoring judicial review of administrative action.

29.     The APA provides that "[a] person suffering legal wrong because of agency action, or adversely affected or aggrieved by agency action within the meaning of a relevant statute, is entitled to judicial review thereof."  5 U.S.C. § 702.

30.     The APA provides that "final agency action for which there is no other adequate remedy in a court" is "subject to judicial review."  5 U.S.C. § 704.

31.     The APA provides that courts will "hold unlawful and set aside" agency action that is "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law" or "unsupported by substantial evidence."  5 U.S.C. § 706(2)(A) and (E), respectively.

32.     The SBA is an "agency" whose final actions are reviewable under the APA.

### COUNT I - ARBITRARY AND CAPRICIOUS AGENCY ACTION

33.     MTUSA realleges and incorporates by reference each of the preceding paragraphs and allegations.

34.     A basic requirement of administrative law is that an agency provide the reasons for its decisions.  However, the SBA gave no reason for denying MTUSA's application, and provided only a conclusory decision that does not explain the agency's reasoning when it denied MTUSA's appeal.

35.     The SBA further erred by treating MTUSA disparately from similarly situated direct competitors that were granted SVOG awards.  Specifically, the SBA approved the SVOG applications of at least five entities with business models identical to MTUSA:  California Dinner Entertainment; Orlando Dinner Entertainment, Inc.; Great Choice Investments, LLC; Sleuths Mystery Dinner Theatre, Inc.; and The Mystery Mansion Dinner Theater LLC.

36.     The SBA's decision on MTUSA's SVOG application also conflicts with the evidence the Company presented of its eligibility for a SVOG award as a live venue operator.

37.     For both of these reasons, the SBA's denial of MTUSA's SVOG award request is arbitrary and capricious.

## COUNT II - AGENCY ACTION CONTRARY TO LAW

38.     MTUSA realleges and incorporates by reference each of the preceding paragraphs and allegations.

39.     MTUSA meets the Act's definition of live venue operator and satisfies the Act's general eligibility criteria for a SVOG award.

40.     The SBA's denial of MTUSA's SVOG award request therefore violated the Act and is contrary to law.

## COUNT III - AGENCY DECISION UNSUPPORTED BY SUBSTANTIAL EVIDENCE

41.     MTUSA realleges and incorporates by reference each of the preceding paragraphs and allegations.

42.     The SBA's denial of MTUSA's SVOG award request is supported by no evidence in the record, let alone substantial evidence.  MTUSA's application and appeal presented evidence that demonstrates MTUSA is eligible for a SVOG award.

43.     The SBA's denial of MTUSA's SVOG award request is thus unsupported by substantial evidence.

**PRAYER FOR RELIEF**

For the foregoing reasons, MTUSA respectfully requests that this Court:

1.     Declare unlawful and set aside Defendants' denial of MTUSA's SVOG award request.

2.     Preliminarily and permanently order Defendants to consider MTUSA's application for a SVOG award consistent with applicable law and the evidence before the SBA.

3.     Preliminarily and permanently order Defendants to award MTUSA $10,000,000 in SVOG funds.

4.     Preliminarily and permanently order Defendants to retain appropriations from the Economic Aid to Hard-Hit Small Businesses, Nonprofits, and Venues Act (Pub. L. No. 116-260 § 324) and/or the American Rescue Plan (Pub. L. No. 117-2 § 5005(b)) in an amount sufficient to fund Plaintiff's SVOG initial grant award.

5.     Award Plaintiffs their costs and reasonable attorney fees; and

6.     Grant such other and further relief as the Court deems just and proper.

Dated: December 8, 2021                    Respectfully submitted,

                                           /s/ Caroline L. Wolverton
                                           _____
                                           Angela B. Styles
                                           D.C. Bar No. 448397
                                           Caroline L. Wolverton
                                           D.C. Bar No. 496433
                                           AKIN GUMP STRAUSS HAUER & FELD LLP
                                           2001 K Street, N.W.
                                           Washington, DC 20006
                                           (202) 887-4000

                                           *Counsel for Plaintiff Medieval Times U.S.A., Inc.*